# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>        v.<br><br>LOVING KINDNESS HEALTHCARE SYSTEMS, LLC and SCOTT TAYLOR,<br><br>        Defendants. | Civil Action No. 2:20-cv-1087-RJC<br>Judge Robert J. Colville |

## OPINION ON DEFAULT JUDGMENT

Presently before the Court is a Second Motion for Default Judgment ("the Second Motion") (ECF No. 29) filed on behalf of Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary" or "Plaintiff"). The Secretary moves for default judgment against Defendants Loving Kindness Healthcare Systems, LLC ("LKHS" or "Employer") and Scott Taylor ("Taylor") (collectively referred to as "Defendants"). Specifically, the Secretary contends Defendants violated the Fair Labor Standards Act ("the FLSA or "the Act")'s provision mandating time-and-one-half compensation for overtime hours worked, 29 U.S.C. § 207 (2006) ("§ 7").

On February 16, 2021, the Court entered its first default judgment against Defendants on Plaintiff's claims, and the Court ordered Defendants pay back wages and liquidated damages for the period of November 20, 2016 through October 28, 2020. (ECF 28). The Court's Order further required the Defendants to produce records allowing Plaintiff to calculate the amount of back wages and liquidated damages due from October 28, 2020 through the date on which Defendants

1

came into compliance with the overtime provisions of the FLSA. (ECF 28). On the basis of those newly-produced records, the Secretary now requests that the Court issue an order of default judgment against Defendants for the amount of $24,306.00 in overtime back wages and an additional $24,306.00 in liquidated damages for the period of October 28, 2021 through March 24, 2021.

For the reasons stated herein, the motion is granted.

**I. Background[1]**

The Court incorporates the background previously enunciated in our Opinion dated February 16, 2021, and repeats certain portions therein, as follows. (ECF No. 27). LKHS is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 155 North Craig Street, Suite 160, Pittsburgh, PA 15213 within the jurisdiction of this Court. (ECF No. 1 ¶ 2). Taylor is an owner of LKHS at the same address.[2] (ECF No. 1 ¶ 3; Declaration of Michael Shuey in Supp. of Pl.'s M. for Def. J (ECF No. 21-3) (hereinafter, "Shuey Decl") ¶ 3).

During the relevant period, Defendant LKHS was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r), in that it was, through unified operation or common control, engaged in the performance of related activities for a common business purpose. (ECF No. 1 ¶ 4). Defendant LKHS employed persons in domestic service, which affects commerce per section 2(a)(5) of the Act, 29 U.S.C. § 202(a)(5). (ECF No. 1 ¶ 4). Defendant LKHS's employees assist disabled and elderly clients with activities of daily living such as shopping, cooking, and housekeeping, which involves handling or otherwise working on goods or materials that have been

---

[1] Generally, courts treat all pleadings and allegations of the plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[2] Defendants were served at this address, as reflected in their executed waivers of service. (ECF No. 14-1).

moved in or produced for commerce. (ECF No. 1 ¶ 4). LKHS has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. (ECF No. 1 ¶ 5). Therefore, the employees of Defendant are employed in an enterprise engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce within the meaning of section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), of the Act.

Defendant Taylor meets the definition of an employer under section 3(d) of the Act, 29 U.S.C. § 203(d). The FLSA provides in pertinent part, that an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d) ("§ 3"). Courts have interpreted § 3's terms broadly in order to better effectuate the statute's sweeping remedial objectives. *See, e.g., Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir.1991). Defendant Taylor has been actively involved in the day-to-day operations of LKHS, and he has directed employment practices and directly or indirectly acted in the interest of LKHS in relation to its employees at all relevant times, including hiring and firing employees, setting employees' conditions of employment, setting rates and methods of compensation, and supervising employees day-to-day. (ECF No. 1 ¶3; Shuey Decl. ¶ 3).

On August 14, 2020, Defendants were served with the complaint filed in this matter in accordance with Fed. R. Civ. P. 4(e), and they returned executed waivers of service, which the Secretary filed on September 18, 2020. (ECF Nos. 14, 14-1). An answer to the complaint was due on October 15, 2020. Fed. R. Civ. P. 12(a). Plaintiff stipulated to an additional thirty days for Defendants to file an answer. (ECF No. 15). No answer to the complaint was ever filed. On November 20, 2020, the Secretary filed a request to enter default against the Defendants. (ECF No. 6). The Clerk entered default against the Defendants on November 23, 2020. (ECF No. 18).

### A. The First Motion

On December 18, 2020, Plaintiff filed the first Motion for Default Judgment (ECF No. 21), a Memorandum of Law in support thereof (ECF No. 24), and attached to the motion several declarations and other exhibits (ECF Nos. 21-3, 21-4, 21-5, 21-6).

A hearing was held on the first motion on February 3, 2021, via video-conference. (ECF No. 26). No representative from either Defendant appeared at the hearing. Michael A. Shuey, Investigator, Wage and Hour Division ("WHD") of United States Department of Labor testified. His testimony reiterated the facts stated in his affidavit, cited *supra,* as well as explained the Secretary's calculations of damages.

Mr. Shuey explained that he participated in the investigation of LKHS, to determine if Defendants were in compliance with the FLSA. The investigation period was from October 7, 2017 through September 28, 2019. In the course of the investigation, interviews of Taylor and employees were conducted. Those interviews revealed the fact that from November 20, 2016 through October 28, 2020 ("the relevant period") Defendants did not pay their employees the required overtime premium when the employees worked more than forty hours in a week. Defendants paid their employees their straight-time regular rates for all hours worked, including all overtime hours worked over 40 in the workweeks covered by the investigation period. Defendants' employees regularly worked over 40 hours per week, with several working 100 hours per week or more in some workweeks. Defendant Taylor admitted he directed employment practices and directly acted in the interest of LKHS in relation to its employees, including hiring, firing, supervising, setting pay rates, and setting the conditions of employment for employees. He also admitted to determining which employees were paid overtime and which were not for certain portions being investigated.

In fact, according to Mr. Shuey, Taylor admitted that Defendants continue to pay a number of their employees at their regular rates for hours worked in excess of 40 hours per week.

On the basis of the well-established and uncontroverted record, this Court granted default judgment against the Defendants on February 16, 2021 and ordered Defendants to pay back wages and liquidated damages in an amount of $654,995.95 for the period of November 20, 2016 through October 28, 2020, and the Court granted leave for Plaintiff to file an additional Motion for Default Judgment for violations occurring after October 28, 2020. ECF 27, 28.

### B. The Second Motion for Default and Hearing

On May 28, 2021, Plaintiff filed his Second Motion for Default Judgment, and attached to the motion a second declaration of Investigator Shuey, and other exhibits (ECF Nos. 29, 29-1 through 29-3). Defendants were served with the same. (ECF No. 29-5). The Court entered a scheduling order for the hearing on the Second Motion and a copy of that order was mailed to defendants. On June 2, 2021, Plaintiff served a copy of this Court's order scheduling a hearing pertaining to this Second Motion on June 30, 2021. (ECF No. 31). Plaintiff filed a Notice of Service indicating he forwarded an email from the Court's deputy clerk providing Zoom.gov meeting information to the defendants. Defendants confirmed receipt of service via email on June 8, 2021. (ECF No. 33-1).

The Secretary contends that upon review of Defendants' documents, during the relevant period, October 28, 2020 through March 24, 2021, and despite the Court's order of February 16, 2021 ordering them to do so, Defendants did not pay eight of their employees the required overtime premium when those employees worked more than forty hours in a week. Rather, Defendants paid said employees their straight-time regular rates for all hours worked, including all overtime hours worked over forty. Defendants paid their employees between $8.00 and $10.00 per hour. During

5

the relevant period, the affected employees worked at least one hour in excess of forty per workweek, and several employees worked in excess of ten hours of overtime per workweek on average. Defendants only paid these employees their straight-time hourly rates for all hours worked, and did not pay the required one and one-half premium rate for overtime hours worked.

A hearing was held on June 30, 2021, via video-conference. (ECF No. 35). No representative from either Defendant appeared at the hearing. Michael A. Shuey, Investigator, again testified. His testimony reiterated the facts stated in his affidavit, cited *supra,* as well as explained the Secretary's calculations of damages. The following exhibits were admitted into evidence:

| H | Defts' Daily timekeeping & pay rate records (dated 10/28/20 – 2/16/21) |
|---|---|
| I | Pay Stubs for each Payment Made to Employees |
| J | Updated Back Wage Computations prepared by Shuey |

(ECF Nos. 35-2 through 35-4). Investigator Shuey explained based on his calculations, and as a result of Defendants' failure to pay the overtime premium for hours worked over forty per workweek, Defendants owe eight employees overtime back wages totaling $24,306.00 for the period of October 28, 2020 through March 24, 2021. In addition, Defendants are liable for an equal amount of liquidated damages totaling $24,306.00.

## II. Discussion

### A. Applicable Standard

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). When a party has defaulted and all of the procedural requirements for a

default judgment are satisfied, the decision to enter default judgment under Rule 55(b)(2) rests in the discretion of the district court. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987). In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. *See, e.g., Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir.2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). When a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided.

As noted *supra*, generally, courts treat all pleadings and allegations of the plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept Plaintiffs' conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against Defendants. *Directv, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58–59, 63 (3d ed. 1998)); *accord Louisiana Counseling & Family Servs.*, 543 F. Supp. 2d at 364; *Comcast Cable Commc'ns v. Bowers*, No. 06-1664, 2007 WL 1557510, at *2 (D. N.J. May 25, 2007).

### B. The FLSA's Overtime Provisions and Recordkeeping Provisions

Section 7 of the FLSA provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce ... or is employed in an enterprise engaged in commerce ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Generally, employers must pay their employees at least one and one-half

7

times their regular pay rate for any time they work in excess of forty hours per week in order to comply with §7. *Parker v. NutriSystem, Inc*., 620 F.3d 274, 277 (3d Cir. 2010).

### B. Chamberlain Factors

The Secretary produced substantial evidence to support his position that Defendants violated Section 7's requirements and therefore we find the unchallenged facts constitute a legitimate cause of action. It is clear Defendants paid the eight caregivers straight-time for any and all overtime hours that caregivers worked during the period of October 28, 2020 through March 24, 2021.

Under *Chamberlain*, 210 F.3d at 164, three factors control whether a default judgment should be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Should the second default judgment not be entered, Plaintiff would be prejudiced because he could not proceed with the action due to Defendants' failure to respond. Defendants' employees would be denied the wages earned but not paid and owed them. As to the second and third factors, Defendants have not responded to the complaint, and have failed to appear, despite proper service. Plaintiff has shown that Defendants were served with all of the required documents. Despite this fact, Defendants have neither engaged in the litigation process nor offered any reason for their failure to appear. Therefore, the Court finds that Defendants are culpable for their failure to appear and that there is no basis to excuse this conduct. Accordingly, the *Chamberlain* factors have been met and support the entry of default judgment.

### C. Damages

The Secretary seeks a declaration that Defendants owe back wages as well as liquidated damages. Based on the record and testimony, Plaintiff is entitled to full back wages. The

timekeeping records of hours worked per employee per week for the time period of October 28, 2020 through March 24, 2021 were used to compute back wages due for this time period. Second Shuey Decl. ¶ 5. This calculation shows that Defendants owe $24,306.00 in back wages to eight employees for Defendants' overtime violations occurring from October 28, 2020 through March 24, 2021. Shuey Decl. ¶ 6; *see also* Exhibits H, I, and J.

In addition, the FLSA also contains provisions allowing the Secretary to recover liquidated damages in an amount equal to that of unpaid wages where an employer has violated § 7. *See* 29 U.S.C. § 216(c) (§ 16(c)"). Liquidated damages are intended to compensate employees who have been deprived of the minimum wages to which they are entitled by law for any additional losses they may have suffered as a consequence of this deprivation. *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945); *Marshall v. Brunner,* 668 F.2d 748, 753 (3d Cir.1982). In this way, liquidated damages are compensatory, rather than punitive, in nature. *Brooklyn Sav.,* 324 U.S. at 707, 65 S.Ct. 895. "Double damages are the norm, single damages the exception[.]" *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 310 (7th Cir 1986). Where there is no proof that the employer was acting with good faith and with reasonable grounds for the violations, "a district court has no power or discretion to reduce an employer's liability for the equivalent of double unpaid wages." *Elwell v. University Hosps. Home Care Servs.,* 276 F.3d 832, 902 (6th Cir. 2002), citing *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971); *see also Solis v. Min Fang Yang*, 345 Fed. Appx. 35, 39 (6th Cir. 2009); *Brock v. Claridge Hotel and Casino*, 846 F.2d 180, 187 (3d Cir. 1988); *Williams v. Tri-County Growers*, 747 F.2d 121, 129 (3d Cir. 1984).

Here, defendants have not presented any evidence that they acted in good faith or had reasonable grounds for believing their pay practices were in compliance with the FLSA. As

explained above, the court finds as a matter of law that defendant's pay practices violated the Act. This finding creates a strong presumption in favor of awarding liquidated damages, and defendants have failed to appear and participate in the litigation and knew their conduct was prohibited by the Act. Accordingly, the Secretary's motion seeking $24,306 in liquidated damages, an amount equal to the award of back wages, will be granted.

**III. Conclusion**

For these reasons, the Second Motion for Default Judgment will be entered. An appropriate Judgement will be entered.

DATED: July 1, 2021

/s/ *Robert J. Colville*
Robert J. Colville
United States District Court Judge